1

2

3                                                          FILED IN THE
                                                      U.S. DISTRICT COURT
                                                  EASTERN DISTRICT OF WASHINGTON

                                              May 28, 2020
4
                                                      SEAN F. McAVOY, CLERK

5                    **UNITED STATES DISTRICT COURT**

6                    **EASTERN DISTRICT OF WASHINGTON**

7    JOSEPH H.,[1]                       No. 1:19-cv-03251-MKD
                          Plaintiff,
8                                        ORDER GRANTING PLAINTIFF'S
          vs.                            MOTION FOR SUMMARY
9                                        JUDGMENT AND DENYING
     ANDREW M. SAUL,                     DEFENDANT'S MOTION FOR
10   COMMISSIONER OF SOCIAL              SUMMARY JUDGMENT
     SECURITY,
11                        Defendant.     ECF Nos. 13, 14

12

13        Before the Court are the parties' cross-motions for summary judgment.  ECF

14   Nos. 13, 14.  The parties consented to proceed before a magistrate judge.  ECF No.

15   6.  The Court, having reviewed the administrative record and the parties' briefing,

16

17   _____

     [1] To protect the privacy of plaintiffs in social security cases, the undersigned
18
     identifies them by only their first names and the initial of their last names.  *See*
19
     LCivR 5.2(c).
20

-

     ORDER - 1

is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

motion, ECF No. 13, and denies Defendant's motion, ECF No. 14.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

1    education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

2    416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

3    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

4    404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

5    work, analysis concludes with a finding that the claimant is disabled and is

6    therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

7         The claimant bears the burden of proof at steps one through four above.

8    *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

9    step five, the burden shifts to the Commissioner to establish that 1) the claimant is

10   capable of performing other work; and 2) such work "exists in significant numbers

11   in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

12   *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

13                              **ALJ'S FINDINGS**

14        On April 25, 2016, Plaintiff applied both for Title II disability insurance

15   benefits and Title XVI supplemental security income benefits alleging an amended

16   disability onset date of December 9, 2015.[2]  Tr. 144, 300-14.  The applications

17   _____

18   [2] Plaintiff was previously awarded a closed period of benefits from September 23,

19   2005 through June 2, 2008; benefits ended when he returned to work with no

20   restrictions.  Tr. 93.  Plaintiff again applied for benefits, alleging disability

1   were denied initially and on reconsideration.  Tr. 192-200; Tr. 209-22.  Plaintiff

2   appeared before an administrative law judge (ALJ) on May 24, 2018.  Tr. 47-89.

3   On August 23, 2018, the ALJ denied Plaintiff's claim.  Tr. 24-46.

4         At step one of the sequential evaluation process, the ALJ found Plaintiff,

5   who met the insured status requirements through March 3, 2021, has not engaged

6   in substantial gainful activity since December 9, 2015.  Tr. 29.  At step two, the

7   ALJ found that Plaintiff has the following severe impairments:  major depressive

8   disorder, generalized anxiety disorder, personality disorder, Cluster B (narcissism),

9   and post-traumatic stress disorder (PTSD).  Tr. 29.

10        At step three, the ALJ found Plaintiff does not have an impairment or

11  combination of impairments that meets or medically equals the severity of a listed

12  impairment.  Tr. 32.  The ALJ then concluded that Plaintiff has the RFC to perform

13  the full range of work at all exertional levels with the following limitations:

14        [Plaintiff] can understand, remember, and apply information that is
        simple, routine, and repetitive commensurate with SVP level 2 work
15        consisting of 1-3 step tasks.  [Plaintiff] would work best in an
        environment that is in proximity to, but not in close cooperation with,
16        coworkers and supervisors.  [Plaintiff] should work away from the
        general public.  With legally-required breaks, [Plaintiff] can focus

17  _____

18  beginning December 31, 2012, which resulted in a December 5, 2014 unfavorable

19  decision.  Tr. 90-112.  On March 30, 2016, the Appeals Council denied review of

20  the ALJ's decision, Tr. 113-19, and Plaintiff did not appeal the case further.

ORDER - 7

> attention on work activities and stay on task at a sustained rate, complete tasks in a timely manner, sustain an ordinary routine, regularly attend work, and work a full day or workweek without needing more than the allotted number or length of rest periods. [Plaintiff] would work best in an environment that is routine and predictable but does have the ability to respond appropriately, distinguish between acceptable and unacceptable work performance, and be aware of normal hazards and take appropriate precautions.

Tr. 33.

At step four, the ALJ found Plaintiff is capable of performing his past relevant work as an industrial cleaner. Tr. 37. In the alternative, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform such as field crop farm worker, kitchen helper, and small parts assembler; or, if the Plaintiff also had additional limitations to light work with occasional climbing ladders, ropes, and scaffolds, and frequent handling with the left upper extremity, Plaintiff could still perform jobs such as collator. Tr. 38. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of December 9, 2015, through the date of the decision. Tr. 39.

On August 29, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 8

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence;

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

3.  Whether the ALJ conducted a proper step-five analysis; and

4.  Whether the ALJ conducted a proper step-three analysis.

ECF No. 13 at 3.

## DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ improperly weighed the opinions of examining provider Paul Schneider, Ph.D., and examining provider Tasmyn Bowes, Psy.D. ECF No. 13 at 10-13.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

ORDER - 9

1  Generally, a treating physician's opinion carries more weight than an examining

2  physician's opinion, and an examining physician's opinion carries more weight

3  than a reviewing physician's opinion. *Id.* at 1202. "In addition, the regulations

4  give more weight to opinions that are explained than to those that are not, and to

5  the opinions of specialists concerning matters relating to their specialty over that of

6  nonspecialists." *Id*. (citations omitted).

7          If a treating or examining physician's opinion is uncontradicted, the ALJ

8  may reject it only by offering "clear and convincing reasons that are supported by

9  substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

10  "However, the ALJ need not accept the opinion of any physician, including a

11  treating physician, if that opinion is brief, conclusory, and inadequately supported

12  by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

13  (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

14  examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

15  may only reject it by providing specific and legitimate reasons that are supported

16  by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater,* 81

17  F.3d 821, 830-31 (9th Cir. 1996)). The opinion of a nonexamining physician may

18  serve as substantial evidence if it is supported by other independent evidence in the

19  record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

20

ORDER - 10

### 1. Dr. Schneider

Dr. Schneider diagnosed Plaintiff with major neurocognitive disorder due to traumatic brain injury with behavioral disturbance; attention-deficit/hyperactivity disorder, combined type; severe specific learning disorder in mathematics; generalized anxiety disorder; social anxiety disorder; PTSD; severe recurrent major depressive disorder; somatic symptom disorder; tobacco use disorder; and stimulant use disorder, opioid use disorder, and alcohol use disorder in sustained remission. Tr. 483. Dr. Schneider opined Plaintiff "has great problem editing his behavior"; a job with minimal interactions with supervisors, minimal conflict and minimal challenges with problem solving and resourcefulness would be best; a calculator would be helpful for his learning disorder in mathematics; a day shift without a lot of human interaction would work best; he could work part-time in a heavily supported and crafted position that is not too interpersonally conflicted; he views Plaintiff as "quite disabled in many areas"; and he recommended Plaintiff continue pursuing Social Security Disability. Tr. 483-84. The ALJ gave Dr. Schneider's opinion some weight. Tr. 36. As Dr. Schneider's opinion was contradicted by the opinions of Kent Layton, Ph.D, Tr. 51-60, and R.A. Cline, PsyD, Tr. 538-42, the ALJ was required to give specific and legitimate reasons,

ORDER - 11

1  supported by substantial evidence, to reject Dr. Schneider's opinion.  *See Bayliss*,

2  427 F.3d at 1216.

3       The ALJ summarized Dr. Schneider's opinion but failed to address Dr.

4  Schneider's opinion that Plaintiff is disabled in multiple areas and needs part-time

5  work in a supported environment and crafted position.  Tr. 36.  The ALJ stated she

6  gave some weight to the opinion to the extent that the evidence supports the

7  finding that Plaintiff has limitations interacting with others, in complex work tasks,

8  and in regards to the work environment.  *Id.*  However, the ALJ failed to explain

9  why she rejected the remainder of Dr. Schneider's opinion.

10       Defendant argues the ALJ properly considered Dr. Schneider's opinion

11  because the opinions regarding what is "best" for Plaintiff were not vocational

12  imperatives, and the ALJ otherwise incorporated the limitations into the RFC.

13  ECF No. 14 at 7-8.  However, Dr. Schneider opined Plaintiff is disabled in

14  multiple areas, and opined Plaintiff is capable of part-time supported work and

15  these opinions were not addressed.  Tr. 36.  A statement by a medical source that a

16  claimant is "unable to work" is not a medical opinion and is not due "any special

17  significance."  20 C.F.R. §§ 404.1527(d), 416.927(d).  Nevertheless, the ALJ is

18  required to consider medical source opinions about any issue, including issues

19  reserved to the Commissioner, by evaluating the opinion in light of the evidence in

20  the record and applying the applicable factors.  SSR 96-5p at *2-3.  As the ALJ

rejected a portion of Dr. Schneider's opinion without giving specific and legitimate

reasons, the ALJ erred in her consideration of Dr. Schneider's opinion.  The ALJ

also did not address Dr. Schneider's opinion that Plaintiff has major

neurocognitive disorder due to traumatic brain injury with behavioral disturbance;

attention-deficit/hyperactivity disorder, combined type; specific learning disorder

in mathematics; and somatic symptom disorder.  On remand, the ALJ is instructed

to reconsider Dr. Schneider's opinion and incorporate the limitations into the RFC

or give specific and legitimate reasons, supported by substantial evidence, to reject

the opinion.

### 2.  Dr. Bowes

Dr. Bowes diagnosed Plaintiff with PTSD, antisocial personality disorder,

and cocaine and heroin use disorders in reported sustained remission.  Tr. 15.  Dr.

Bowes opined Plaintiff had no to mild limitations in making simple work-related

decisions and being aware of normal hazards and taking appropriate precautions;

moderate limitations in learning new tasks, performing routine tasks without

special supervision, and asking simple questions or requesting assistance; marked

limitations in understanding, remembering and persisting in tasks by following

detailed instructions, performing activities within a schedule, maintaining regular

attendance and being punctual within customary tolerances without special

supervision, adapting to changes in a routine work setting, and setting realistic

goals and planning independently; and severe limitations in communicating and performing effectively, maintaining appropriate behavior, completing a normal workday/workweek without interruptions from psychologically based symptoms; and she found Plaintiff had an overall severe rating.  Tr. 16.

Dr. Bowes completed her examination and rendered her opinion three months after the ALJ rendered her decision.  Tr. 13-22, 24-46.  "[W]hen a claimant submits evidence for the first time to the Appeals Council … the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence."  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).  As the case is being remanded to reconsider Dr. Hernandez's opinion, the ALJ is also instructed to consider Dr. Bowes' opinion and incorporate the limitations into the RFC or give specific and legitimate reasons, supported by substantial evidence, to reject the opinion.

ORDER - 14

### 3.  Other Opinion Evidence

Plaintiff challenges the ALJ's evaluation of the " treating team at DSHS,"[3] including the opinions of reviewing source Lauren Hohman, PA-C, Tr. 450-60, examining source R.A. Cline, PsyD, Tr. 538-42, and case manager Darlene Hansen, Tr. 680.  However, Plaintiff offers no challenges to any of the reasons set forth by the ALJ for rejecting the opinions.  Plaintiff also argues the ALJ improperly considered evidence found at Tr. 926-955, but offers no explanation as to what evidence within those records was improperly rejected.

The Court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  The Ninth Circuit "has repeatedly admonished that [it] cannot 'manufacture arguments for an appellant.'"  *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir.1994)).  Rather, the Court will "review only issues which are argued specifically and distinctly."  *Indep. Towers*, 350 F.3d at 929.  When a claim of

---

[3] The Court notes that the referenced records contain multiple evaluations from examining providers who evaluated Plaintiff to determine his eligibility for DSHS benefits, whom do not appear to be a part of a treatment team.

ORDER - 15

1  error is not argued and explained, the argument is waived.  *Id.* at 929-30 (holding

2  that party's argument was waived because the party made only a "bold assertion"

3  of error, with "little if any analysis to assist the court in evaluating its legal

4  challenge"); *see also Hibbs v. Dep't of Human Res.,* 273 F.3d 844, 873 n.34 (9th

5  Cir.2001) (finding an allegation of error was "too undeveloped to be capable of

6  assessment").  As Plaintiff did not argue these issues with any specificity, the

7  Court declines to address these arguments.

8  **B. Plaintiff's Symptom Claims**

9      Plaintiff faults the ALJ for failing to rely on reasons that were clear and

10  convincing in discrediting his symptom claims.  ECF No. 13 at 6-10.  An ALJ

11  engages in a two-step analysis to determine whether to discount a claimant's

12  testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

13  "First, the ALJ must determine whether there is objective medical evidence of an

14  underlying impairment which could reasonably be expected to produce the pain or

15  other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

16  "The claimant is not required to show that [the claimant's] impairment could

17  reasonably be expected to cause the severity of the symptom [the claimant] has

18  alleged; [the claimant] need only show that it could reasonably have caused some

19  degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

20

ORDER - 16

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas*, 278 F.3d at 958 (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

416.929 (c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," to "determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of his

symptoms were not entirely consistent with the evidence.  Tr. 34.

The ALJ found Plaintiff's symptom complaints were inconsistent with the

opinion of medical expert Kent Layton, Ph.D., and with Plaintiff's symptom

improvement.  Tr. 34-35.  The ALJ's evaluation of Plaintiff's symptom claims and

the resulting limitations relies entirely on the ALJ's assessment of the medical

evidence.  Having determined a remand is necessary to readdress the medical

source opinions, any reevaluation must necessarily entail a reassessment of

Plaintiff's subjective symptom claims.  Thus, the Court need not reach this issue

and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims

in the context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th

Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we

decline to reach [plaintiff's] alternative ground for remand.").

**C. Step Four**

Plaintiff faults the ALJ for not incorporating all of his limitations due to his mental health symptoms into the RFC.  ECF No. 13 at 12-18.  At step four of the sequential evaluation, the ALJ must determine the claimant's RFC.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).  "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony."  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).  To the extent the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence.  *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999).  Where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Hill*, 698 F.3d at 1158 (recognizing the court only disturbs the ALJ's findings if they are not supported by substantial evidence).

Plaintiff argues the ALJ erred in not accounting for the full extent of his limitations in productivity, pace, and ability to perform work within a full-time schedule in the RFC.  ECF No. 13 at 12-18.  Plaintiff contends the ALJ further

ORDER - 19

1    erred by finding Plaintiff capable of performing his past relevant work, as the

2    finding was based on an incomplete RFC.  *Id.*  As the case is being remanded to

3    reconsider the opinions of Dr. Schneider and Dr. Bowes, the ALJ is instructed to

4    perform the five-step sequential analysis anew, including reconsidering Plaintiff's

5    ability to perform work at step four and step five.

6    **D. Step Three**

7        Plaintiff contends that the ALJ erred by finding that Plaintiff's mental health

8    impairments did not meet Listings 12.04, 12.06, 12.08, or 12.15.  ECF No. 13 at

9    18-19.  At step three, the ALJ must determine if a claimant's impairments meet or

10   equal a listed impairment.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

11       The Listing of Impairments "describes for each of the major body systems

12   impairments [which are considered] severe enough to prevent an individual from

13   doing any gainful activity, regardless of his or her age, education or work

14   experience."  20 C.F.R. §§ 404.1525, 416.925.  "Listed impairments are

15   purposefully set at a high level of severity because 'the listings were designed to

16   operate as a presumption of disability that makes further inquiry unnecessary.' "

17   *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*,

18   493 U.S. 521, 532 (1990)).  "Listed impairments set such strict standards because

19   they automatically end the five-step inquiry, before residual functional capacity is

20   even considered."  *Kennedy,* 738 F.3d at 1176.  If a claimant meets the listed

criteria for disability, she will be found to be disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii). 416.920(a)(4)(iii).

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett,* 180 F.3d at 1099 (emphasis in original); 20 C.F.R. §§ 404.1525(d), 416.925(d). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ." *Tackett*, 180 F.3d at 1099 (emphasis in original) (quoting 20 C.F.R. § 404.1526(a)).  "If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all of the claimant's impairments will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment." *Id*.  However, " '[m]edical equivalence must be based on medical findings," and "[a] generalized assertion of functional problems is not enough to establish disability at step three.' " *Id*. at 1100 (quoting 20 C.F.R. § 404.1526(a)).

The claimant bears the burden of establishing her impairment (or combination of impairments) meets or equals the criteria of a listed impairment. *Burch*, 400 F.3d at 683.  "An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process

1  will provide rationale that is sufficient for a subsequent reviewer or court to

2  determine the basis for the finding about medical equivalence at step 3."  Social

3  Security Ruling (SSR) 17-2P, 2017 WL 3928306, at *4 (effective March 27,

4  2017).

5        Here, the ALJ found that Plaintiff's impairments and combinations of

6  impairments did not meet or equal any listings, including Listings 12.04, 12.06,

7  12.08, and 12.15.  Tr. 32.  The paragraph B criteria for the listings require that the

8  individual have one extreme limitation or two marked limitations in the four areas

9  of mental functioning.  20 C.F.R. Part 404, Subpart P, App. 1, Listing 12.04, 12.06,

10  12.08, 12.15.  As the case is remanded for the ALJ to reconsider the medical

11  opinion evidence, including the opinion of Dr. Bowes, who opined Plaintiff had

12  multiple marked and severe limitations, the ALJ is also directed to consider what

13  impact, if any, the reconsideration of the opinion evidence has on her step three

14  analysis.

15  **E. Remedy**

16        Plaintiff urges this Court to remand for an immediate award of benefits.

17  ECF No. 13 at 20.

18        "The decision whether to remand a case for additional evidence, or simply to

19  award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

20  1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

ORDER - 22

1   When the Court reverses an ALJ's decision for error, the Court "ordinarily must

2   remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041,

3   1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

4   proper course, except in rare circumstances, is to remand to the agency for

5   additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

6   775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

7   cases, the Ninth Circuit has "stated or implied that it would be an abuse of

8   discretion for a district court not to remand for an award of benefits" when three

9   conditions are met.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

10   (citations omitted).  Under the credit-as-true rule, where (1) the record has been

11   fully developed and further administrative proceedings would serve no useful

12   purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting

13   evidence, whether claimant testimony or medical opinion; and (3) if the improperly

14   discredited evidence were credited as true, the ALJ would be required to find the

15   claimant disabled on remand, the Court will remand for an award of benefits.

16   *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three

17   prongs have been satisfied, the Court will not remand for immediate payment of

18

19

20

ORDER - 23

benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Plaintiff argues a remand for immediate benefits is appropriate as he meets a listing and the ALJ improperly rejected disabling medical opinions. ECF No. 13 at 20. However, while Plaintiff argues he meets four listings, he does not set forth specific arguments as to how he meets each component of any of the listings. ECF 13 at 18-19. As such, Plaintiff has not met his burden of demonstrating he meets a listing. Regarding the medical opinion evidence, the ALJ did not have access to Dr. Bowes' opinion as the examination and opinion did not yet exist. Remand for further proceedings is necessary for the ALJ to resolve conflicts in the evidence between the medical opinions and to consider Dr. Bowes' opinion. As such, the case is remanded for proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social

Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED May 28, 2020.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 25